Vliet *v.* Wyckoff.

For reversal—THE CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, COLE, PATERSON, WHITAKER—11.

---

DANIEL VLIET, executor, appellant,

*v.*

JOHN WYCKOFF, respondent.

This court, in its discretion, will refuse costs in this court to a complainant whose decree has been affirmed, when it appears that the costs of the suit have been exorbitantly increased by superfluous recitals and statements in the bill of complaint.

---

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions :

John Gardner was elected sheriff in 1875. He gave bond, with William Gardner, John Wyckoff, Samuel Frome, Joseph Vliet and Joseph B. Cornish, as his sureties thereon. He entered upon the duties of his office April 19th, 1877. W. obtained a judgment against five persons for $1,152.63, and costs $87.11. An execution was issued thereon and placed in the hands of said John Gardner as sheriff. The money was not made, although from no want of goods. The sheriff was in fault. His bond was prosecuted, and, February 19th, 1884, judgment was entered thereon against John Gardner, John

Wyckoff (the complainant) and Samuel Frome. Prior to this action William Gardner and Joseph Vliet had died, and Joseph B. Cornish had been discharged in bankruptcy. The judgment on the bond fixed the damages and costs of W. at $1,727.28. Execution issued thereon, and the complainant, one of the defendants in that suit, paid to the sheriff, in discharging that writ, $1,805.33. This bill has been filed by the complainant to compel the executors of the last will of William Gardner and the executors of the last will of Joseph Vliet to contribute one-third each of the amount so paid by him. John Gardner, the principal, and Samuel Frome, one of the sureties, are shown to be insolvent.

It is first objected that there is no amercement against the defendants in this action on the bond, only a judgment, although there was actually an order for an amercement signed. It seems quite clear to my mind, after reflection, that the judgment and execution, and payment of the amount thereof, are quite enough to sustain the cosurety, who asks for contribution.

The bill alleges that an order was made directing the prosecution of the bond according to the statute. The answer neither admits nor denies the truth of the allegation.

It is objected to a decree because the said order is not produced and proved. If such proof were essential in a proper case, after judgment, I conclude that the answer is not of a character to put the complainant to proof.

Then, again, it is objected that the twelfth section of the act (*Rev. p. 1100*) has not been complied with in entering the judgment. However this may be, it is not a void judgment. It may be irregular. It is a judgment on the bond given by the sheriff, who was in default. It plainly determines the liability of him and his sureties, who were joined in the action. The solvent surety so joined was bound, and was obliged to pay, and did pay. This being done, and the proof being clear as to the relation of the parties, a claim accrued to him against his cosureties. This was according to their contract. The mutual agreement in every such case is that if one pays, all the rest will contribute. *Brandt on Suretyship* §§ *246, 247.*

· It is urged that the bill is defective as to parties, in not bringing in the executors of William Gardner as individuals as well as executors, and in not bringing in the administrators of a deceased legatee, instead of the legatee. It seems to have been settled that the estate of a deceased cosurety is liable to contribute whether he die before the liability arises or afterwards. *Brandt on Suretyship* § *248.* This view of the case applies alike to the executors of William Gardner and of Joseph Vliet.

It is also objected that this complainant holds a judgment which was recovered in favor of John Gardner, the principal debtor, which is of value, and which the complainant has not applied as he should toward the reduction of the claim now before the court. The evidence does not make it clear that the judgment is of any considerable value, but it seems that the complainant is not obliged, in the first place, to realize on such judgment. According to the weight of authority, he may proceed against his cosurety at once, and if he does realize anything he must share it with those who have contributed. *Brandt on Suretyship* § *238.*

Still another objection is that the complainant made no demand and gave no notice before filing his bill. This objection is not sustained by the authorities. *Brandt on Suretyship* § *257.*

The point was made that the discharge in bankruptcy of Joseph B. Cornish could not avail him in this suit, because the liability in this case did not accrue until after his discharge, and consequently was not provable. As I read the cases, this is the law. *Brandt on Suretyship* § *240 and references in note; Bump on Bankruptcy (6th ed.) 524; Glenn v. Howard, 65 Md. 40.* In this case the court held that where the subscription price of the stock of an incorporated company is only to be paid in such instalments and at such times as it may be called for, and at the time of the bankruptcy of a stockholder and his discharge in bankruptcy no call for the payment of his subscription has been made, a call subsequently made for an unpaid instalment thereof is not a provable claim against the bankrupt's estate in the bankruptcy proceedings; therefore the bankrupt's discharge is no bar to an action for such unpaid

Vliet *v.* Wyckoff.

instalment. Many cases are referred to in the opinion in this case, among others that of *Riggin* v. *Magwire, 15 Wall. 549,* in which Mr. Justice Bradley says: "But the better opinion is that as long as it remained wholly uncertain whether a contract or engagement would ever give rise to an actual duty or liability, and there was no means of removing the uncertainty by calculation, such contract or engagement was not provable under the act of 1841." I can perceive no method by which to take the case of Mr. Cornish out of these decisions. I therefore conclude that he is liable to contribute as a cosurety.

It follows that the executors of Mr. Gardner, the executors of Mr. Vliet, and Mr. Cornish, must join in relieving the complainant. They will each be charged with one-fourth of the amount paid by the complainant, with interest on such one-fourth from the time of payment. But Mr. Cornish is not a party, and no steps can be taken against him to compel payment. The others will pay one-fourth each, and each will pay one-half of the costs. I make this disposition as to costs because it was the duty of each to share his part of the burden without suit. I will so advise.

*Messrs. J. G. Shipman & Son,* for appellant.

*Mr. L. De Witt Taylor,* for respondent.

The opinion of the court was delivered by

Beasley, C. J.

This bill was exhibited by one of the sureties on a sheriff's bond for contribution against his cosureties. The complainant had paid a judgment obtained on the bond against himself and the other sureties. On the bond in question there were five sureties, the complainant being one of the five. It appears from the evidence that Samuel Frome, who was one of these sureties, was insolvent, and the decree charges the appellant with one-fourth of the amount which, as has been stated, was paid by the complainant. This is the equitable outcome of the facts in proof, and the decree must be affirmed.

But this court is of opinion that no costs on this appeal can be allowed to the complainant. The proceedings in the court of chancery, on the part of the complainant, are replete with irregularities and imperfections. There are a number of improper parties joined in the suit as defendants, of whom no mention is made in the final decree, and the bill is full of verbose repetitions and unnecessary recitals of written instruments, so that it is obvious that at least one-half of it should have been struck out in the course of the proceedings in the court below. These superfluities and prolixities have greatly increased the expenses of the suit and which have hitherto fallen on the appellant, and on this account this court is unwilling, in the exercise of its discretion, to add to this burthen the respondent's costs in this appeal.

Let the decree be affirmed, without costs to either side.

DIXON, J. (*dissenting*).

The chancellor charged the appellant with one-fourth of the whole sum instead of one-fifth, upon the ground that Samuel Frome, one of the five sureties, was insolvent. The bill of complaint originally averred him to be insolvent; the answer of the appellant averred him to be solvent; and after some testimony was taken, the complainant got leave to amend his bill, so as to aver that Frome was solvent, and to charge him, and he made such amendment.

In this condition of the pleadings, I think it was improper to adjudge that Frome was insolvent, and to base a decree in favor of the complainant against the appellant on such adjudication.

The decree should be modified so as to charge the appellant with only one-fifth of the debt.

For affirmance—THE CHIEF-JUSTICE, DEPUE, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, McGREGOR—10.

For reversal—DIXON, PARKER, PATERSON—3.